**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH G. O'BRIEN, | Case No.: 2:07-cv-00986-GMN-GWF |
| Plaintiff, | **ORDER** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim Plaintiff, | |
| vs. | |
| JOSEPH G. O'BRIEN, MICHAEL V. VILLAMOR, DAN K. SHAW, and JAMES R. VAN WOERKOM, | |
| Counterclaim Defendants. | |
| DAN K. SHAW, | |
| Counterclaim Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim Defendant. | |

## INTRODUCTION

Before the Court is Defendant/Counterclaim Plaintiff the United States of America's Motion for Default Judgment against Counterclaim Defendant Michael Villamor (ECF No. 82). Defendant Villamor did not file a response to Counterclaim

Plaintiff's Motion. Clerk's default was entered against him on June 23, 2009 (ECF No. 65).

Based on the following reasons, the Court GRANTS Counterclaim Plaintiff's Motion for Default Judgment against Counterclaim Defendant Michael Villamor (ECF No. 82).

## **FACTS AND BACKGROUND**

The facts are adopted from Counterclaim Plaintiff the United States of America's ("the United States") Counterclaim (ECF No. 17), the United States' Motion for Default Judgment (ECF No. 82), and the United States' Concise Statement of Undisputed Material Facts ("CS") (ECF No. 86). Defendant Michael Villamor, Dan Shaw and Gregg Schatzman formed VSS in 1999 for the purpose of acquiring and managing casino properties. (CS ¶ 8, ECF No. 86). The Second Amended Articles of Organization listed Villamor, Shaw and Schatzman as member-managers and was in effect from October 1999 to its closing in 2004. (*Id.* at ¶ 10). On March 30, 2000 VSS closed a deal with Harrah's Entertainment, Inc. to acquire the Showboat Hotel, Casino and Bowling Center for $23.5 million. (*Id.* at ¶¶ 19, 26). Subsequently the property was renamed the Castaways Hotel, Casino, and Bowling Center ("Castaways"). (*Id.* at ¶ 26). VSS began operating Castaways immediately after acquisition. (*Id.* at ¶ 29). At inception, Villamor was president and CEO, Schatzman was COO and VanWoerkom was CFO. (*Id.* at ¶ 30). Shaw held the title of Chairman. (*Id.*). Villamor's salary was over $300,000 per year during Castaways' period of operation. (*Id.* at ¶ 31). Villamor had the authority to write checks on any of the four checking accounts VSS maintained at Wells Fargo Bank. (*Id.* at ¶ 36). Following the closure of the VSS accounts at Wells Fargo in the Spring of 2003, Villamor had the authority to write checks on the US Bank accounts VSS opened in April 2003. (*Id.* at ¶ 37). Villamor was identified as Licensee, Owner and President of

Castaways, having the authority to establish gaming credit policy, hire or terminate supervisory casino personnel, supervise a shift of gaming activities, provide complimentary benefits to casino customers other than food or beverage, manage one or more of the following departments: accounting, food and beverage, cage, credit and collections, personnel, internal audit, security, surveillance, entertainment, sales, and marketing and also enter into contractual arrangements reportable under Nevada Gaming Regulation 8.130. (*Id.* at ¶ 39).

VSS began to have financial trouble after September 11, 2001, due to the lack of tourism. (*Id.* at ¶ 41). In the middle of 2002, VSS was unable to timely pay all of its operating expenses and financial obligations, including paying the payroll tax withholding to the federal government. (*Id.* at ¶ 43). VSS became delinquent in turning over its federal employment tax withholdings starting in the third quarter of 2002 (July 1, 2002 through September 30, 2002). (*Id.* at ¶ 45). VSS filed Form 941 (Employer's Quarterly Federal Tax Return) for the third and fourth quarters of 2002 and the first and second quarters of 2003. (*Id.* at ¶ 56). A Form 941 is used to calculate and report what an employer's net tax liability is to the government. *See e.g. Ex. 73*. The returns for the third and fourth quarters of 2002 and the first quarter of 2003 understated the liability owing for these periods due to the overstating of withholdings submitted to the government. (*Id.* at ¶ 56). Villamor signed the Form 941 returns for the fourth quarter of 2002 and the first quarter of 2003. (*Id.* at ¶ 56). VSS's delinquency in turning over the employment taxes was discussed during the weekly executive meetings, attended by Villamor, from August 2002 through closing. (*Id.* at ¶ 32; *Villamor Depo. pp.* 139-140, 144-45; *VanWoerkom Depo. p.* 104; *O'Brien Depo. pp.* 110-111). Despite the financial hardships faced by VSS during this time, in April 2003, VSS had total deposits and credits of over $7,480,000 in its Wells Fargo account. (*Id.* at ¶ 50). Villamor was a signatory on this

account, and the amount of money deposited during this single month was more than enough to fully pay VSS's delinquent employment tax liabilities for the third and fourth quarters of 2002 and the first quarter of 2003. (*Id.* at ¶¶ 36, 66). On June 27, 2003, Castaways filed for bankruptcy. (*Id.* at ¶ 64).

On April 3, 2006, the IRS made assessments against Villamor for Civil Penalties arising from the non-payment of employment taxes by VSS in the following amount:

| | | |
|---|---|---|
| Civil Penalty, 26 U.S.C. § 6672 for 3Q 2002 | 04/03/2006 | $411,644.74 |
| Civil Penalty, 26 U.S.C. § 6672 for 4Q 2002 | 04/03/2006 | $880,783.58 |
| Civil Penalty, 26 U.S.C. § 6672 for 1Q 2003 | 04/03/2006 | $732,232.93 |
| Civil Penalty, 26 U.S.C. § 6672 for 2Q 2003 | 04/03/2006 | $825,954.66 |

(*Id.* at ¶ 66). The total balance for these assessments, including accrued but unassessed penalties and interest as of April 20, 2010 is $3,653,085.30, plus subsequently accruing interest and penalties. (*Id.* at ¶ 67).

The instant suit was filed by Plaintiff Joseph G. O'Brien against Defendant the United States of America. (Complaint, ECF No. 1). The United States answered and counterclaimed against the Plaintiff, as well as against Michael V. Villamor, Dan K. Shaw, and James R. VanWoerkom (United States Answer and Counterclaims, ECF No. 17). Defendant Villamor failed to timely answer to the counterclaim (ECF No. 17) and a Clerk's Entry of Default was entered against Villamor on 06/23/2009. Counterclaim Plaintiff, the United States filed the instant Motion for Default Judgment against Villamor on 04/30/2010.

## **DISCUSSION**

Federal Rules of Civil Procedure 55(b) permits a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party must

apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)–(2). The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See Id.* Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*.

Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The plaintiff is required to prove all damages sought in the complaint, and those damages may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). If sufficiently documented and detailed, damages claims may be fixed by an accounting, declarations, or affidavits. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

In the instant case, the United States has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(a) & (b) and Fed. R. Civ. P. 54(c). Pursuant to Fed. R. Civ. P. 55(a), the Court Clerk properly entered default against Villamor. The United States is properly applying to the Court for default judgment under Fed. R. Civ. P. 55(b) by providing IRS Certificates of Assessments and Payments (IRS Form 4340) with respect to all tax liabilities at issue. (*See Exhibits 66-69 of Darmstadter*

*Declaration*). The United States argues that the Ninth Circuit has repeatedly held that IRS Certificates of Assessments and Payments are "probative of evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made." *Hughes v. United States*, 953 F.2d, 531, 540 (9th Cir. 1992); *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993). In *Hughes*, the Court found that Certificates of Assessments and payments qualify within the exception to the hearsay evidence rule as public records under Fed. R. Evid. 803(8) and are self-authenticating domestic public documents under Fed. R. Evid. 902 (1). *Hughes*, 953 F.2d at 539-540. Also, the Ninth Circuit and other circuits have held that official computer generated IRS documents (Form 4340) are admissible as public records. *Id.* at 540. The Supreme Court has held that an assessment for unpaid federal taxes, when properly certified, is presumptively correct evidence of a taxpayer's liability and satisfies the government's burden of proof so that the United States may rest its case. *United States v. Janis*, 428 U.S. 433, 440-441 (1976). The United States' cite to *Hansen v. United States*, for the proposition that Certificates of Assessments and Payments, in the absence of evidence casting doubt on their accuracy, are sufficient to support a grant of summary judgment on the facts reflected thereon. 7 F.3d 137, 138 (9th Cir. 1993). The United States has provided the original Certificates of Assessments and Payments in this petition for entry of default judgment. These documents establish that the subject tax liabilities were assessed (Sections 6201 – 6203 of the Internal Revenue Code), that notice and demand for payment of these taxes was properly made (Sections 6303(a) and 6321 of the Internal Revenue Code) and that the taxpayers are presumptively liable for the unpaid taxes, penalties and interest shown on those Certificates. Finally, the motion complies with Fed. R. Civ. P. 54(c) in that it requests a remedy that is not different in kind from that prayed for in the Complaint.

Having satisfied the procedural requirements, the court, in its discretion, may order a default judgment against Defendant based on the *Eitel* factors, outlined below.

*1. The possibility of prejudice to the Plaintiff.*

The United States is petitioning this court for judgment on its tax claims. Villamor has failed to appear and defend this suit, delaying the judicial process. Without a default judgment the United States cannot have a final resolution of its tax claims, and thus will suffer prejudice.

*2. The merits of Plaintiff's substantive claim and the sufficiency of the complaint.*

The *Eitel* factors of the merits of Plaintiff's substantive claim and the sufficiency of the complaint both require that a plaintiff "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2D 1386, 1388 (9th Cir. 1978).

The United States properly sets forth a substantive claim and complaint which states a claim under which it can recover. 26 U.S.C. §§ 6321, 6322, 6331(a) specifically authorizes the IRS to collect outstanding federal tax liabilities. In *Phillips v. Commissioner*, 283 U.S. 589, 595 (1931), the Supreme Court held that "[t]he right of the United States to collect its internal revenue by summary administrative proceedings has long been settled." 26 U.S.C. § 7041 allows the IRS to authorize the Department of Justice to institute proceedings seeking to collect or recover federal taxes. (*See* Answer and Counterclaim ¶ 27, at pg 5, ECF No. 17). Here the United States is seeking to reduce to judgment assessments made pursuant to 26 U.S.C. §6672. (*Id.* at ¶¶ 25, 33). Finally, 26 U.S.C. § 7402(a) gives the district courts jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of internal revenue laws." (*Id.* at ¶ 28). The counterclaim sufficiently sets forth the United States' statutory authority for bringing this suit, the nature of the tax assessments and monetary amounts at issue, and the statutory notice requirements for properly assessing tax

liabilities. Accordingly the United States has sufficiently pled its claim and has shown that it will succeed on that claim.

   *3. The sum of money at stake in the action.*

"Under the third *Eitel* factor, the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). The United States is seeking judgment for $3,006, 409.41 against Villamor which represents the extent of Villamor's tax liabilities for the tax period at issue. The United States is not seeking any additional damages, attorney fees, declaratory or injunctive relief, but only asks of the accruing interest to which it is statutorily entitled. While the amount of money at stake is large in this case, the United States is only asking for judgment for the unpaid taxes and interest, of which it is entitled. Therefore, this factor does not weigh against granting the United States a default judgment against Villamor.

   *4. The possibility of a dispute concerning material facts.*

Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc.* 826 F.2d 917–18. The United States has alleged sufficient facts against Villamor, default has been entered against Villamor, and he has not filed any answer or motions to dispute the facts in the United States' counterclaim. However, the United States proceeds to outline Villamor's responsibility under 26 U.S.C. § 6672 to show that there cannot be any dispute concerning the material facts.

Section 6672(a), in part, provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The recovery of a penalty under Section 6672 entails a showing that the individual both was a 'responsible person' and acted 'willfully' in failing to collect or pay over the withheld taxes. *See Purcell v. U.S.*, 1 F.3d 932 (9th Cir. 1993). The United States has alleged sufficient facts to support Villamor to be both responsible and willful under the statute.

There are a number of factors to consider in determining whether a party is a 'responsible person' under Section 6672. These include the "individual's duties as outlined in the corporate bylaws, his ability to sign checks, his status as an officer or director, and whether he could hire and fire employees." *U.S. v. Jones*, 33 F.3d 1137, 1140 (9th Cir. 1994) (adopting the Second Circuits list of factors in *Hochstein v. U.S.*, 900 F.2d 543, 547 (2d Cir. 1990)). "The most critical factor was having 'significant control over the enterprise's finances.'" *Id.* The United States has alleged in the complaint against Villamor that he was the President of Castaways and a member-manager of VSS with a 25% ownership share. He had the authority to sign checks on behalf of Castaways for both the Wells Fargo and US Bank accounts. He had the authority to hire and fire employees, determine credit policy at his discretion and manage shifts of gaming operations. All of the above actions show that Villamor was a "responsible person" under Section 6672.

To satisfy the willfulness requirement under Section 6672 one must make a "voluntary, conscious, and intentional act to prefer other creditors over the United States." *Davis v. United States*, 961 F.2d 867, 871 (citations omitted). "If a responsible person knows that withholding taxes are delinquent, and uses corporate funds to pay other expenses, even to meet the payroll out of personal funds he lends the corporation, [Ninth Circuit] precedents require that the failure to pay withholding taxes be deemed "'willful.'" *Phillips v. U.S. I.R.S.*, 73 F.3d 939, 942 (9th Cir. 1996) (*citing Sorenson v.*

*United States*, 521 F.2d 325 (9th Cir.1975); *Teel v. United States*, 529 F.2d 903 (9th Cir.1976)). The key determination in considering willfulness is the time at which the responsible person first became aware that the corporation was delinquent in its payroll taxes. *Davis*, 961 F.2d at 876. Villamor concedes that he learned of the nonpayment of trust fund taxes at or around August, 2002. Consequently he was willful because he knew that while VSS failed to remit its trust fund taxes to the federal government, other creditors of VSS were being paid.

The United States has alleged specific facts as to Villamor's responsibility and willfulness under Section 6672. There has been no dispute of these material facts on the part of Villamor. As such, this factor weighs in favor of this Court granting default judgment to Villamor.

    *5. Whether the default was due to excusable neglect.*

Villamor was served on October 25, 2007, and his response was due on November 16, 2007. The Clerk's default judgment was entered against him on June 23, 2009. Villamor has not appeared nor filed a response to the United States' counterclaim against him. The United States filed this motion for default judgment against Villamor on April 20, 2010. More than four months have passed since this motion was filed and, once again, Villamor has not filed a response to this motion.

The United States' argument that the lengthy time that has passed since Villamor's responses to the complaint and motion is not due to excusable neglect is persuasive. *See Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). The United States also offers in support of this factor that they mailed Villamor and his attorney copies of the United States' Request for Entry of Default. (*See* ECF No. 55). Also, the United States took Villamor's deposition in this action showing Villamor's awareness of the suit but failure to respond. (*See Darmstadter Decl.,* ¶ 1, ECF No. 88).

*6. The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.*

There is a strong policy favoring a decision based on the merits; however, when balanced against the other *Eitel* factors discussed above, it is obvious that this case should be resolved with a court-ordered default judgment. Villamor has taken no actions to defend this suit, the United States has stated a sufficient complaint and shown that it is entitled to recovery under the law, and in the interest of judicial efficiency this court should be compelled to grant default judgment for the United States in its action to reduce federal tax assessments against Villamor to judgment.

In addition to the unpaid tax assessments, the United States petitions this court for the interest accruing on the tax assessments. Under I.R.C. § 6601(a), statutory interest is imposed on all underpayments of tax. Section 6601(e)(2) entitles the government to interest on penalties and other additions to tax. The interest rate imposed on underpayments of tax is determined in accordance with Section 6621(a)(2), with interest compounded daily under Section 6622. The United States asserts that a Form 4340 does not include all accrued interest but only interest that has been formally assessed by the IRS.[1] The government has submitted the Declaration of Maria Kessner to update the outstanding balances owed by Villamor on the subject tax liabilities with interest calculated through April 20, 2010. (*See* Declaration of Maria Kessner ¶¶ 9-14 ECF No. 87). According to the United States the total owed by Villamor as of April 20, 2010 is $3,653,085.30. Given that interest on an I.R.C. § 6672 penalty is by statute necessarily

---

[1] The relationship between the amount of interest reflected on Form 4340 and the total amount of interest owed is discussed in detail in *Ghandour v. United States*, 27 Fed. Cl. 121 (Fed Cl. Ct.), *aff'd*, 132 F.3d 52 (Fed. Cir. 1997). After reviewing the statutory provisions pertaining to interest on underpayments and discussing the evidentiary significance of Form 4340, the court observed that Form 4340 includes only interest that has been assessed but does not include accrued interest hat has not been assessed. *Id.* at 125. Since the United States is entitled to all accrued interest under Section 6601, the court ruled that it is not an evidentiary issue but a matter of law and not something that the government must prove.

imposed pursuant to I.R.C. § 6601(e)(2) the United States is entitled to damages representing the assessed penalty, and all interest accruing thereon from the date the penalty was assessed until the date of judgment as required by law.

## **CONCLUSION**

For the foregoing reasons, the Court finds that there are no genuine issues of material fact regarding the amount of damages Villamor is liable to the government and the United States is entitled to judgment as a matter of law. Therefore the United States' Motion for Default Judgment is GRANTED against Villamor in the amount of $3,653,085.30, plus unassessed, but accrued interest, pursuant to IRC § 6601(a) until the date judgment is entered.

DATED this 9th day of September, 2010.

_____
Gloria M. Navarro
United States District Judge